IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FATHER LASTER**                                                          **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 1:14-CV-394-KS-RHW**

**USAA INSURANCE AGENCY**                                    **DEFENDANT**

**ORDER**

On October 27, 2014, Plaintiff filed his Amended Complaint, seeking recovery under an insurance policy for theft of items valued at approximately $13,000.00, and for "discriminatory behavior" which Plaintiff apparently contends caused $20,000.00 worth of damages. He did not allege the citizenship of the parties or assert any claims arising under federal law.

On November 10, 2014, the Court entered an order providing the various elements of federal subject matter jurisdiction, and it ordered Plaintiff to file an amended complaint which properly alleged the Court's jurisdiction. The Court also warned Plaintiff that failure to comply with the Court's order may result in dismissal of his case.

On the same day, Plaintiff filed a second Amended Complaint, in which he stated that he demanded "relief in the amount of $75,000.00." On November 13, 2014, Plaintiff filed a response to the Court's show cause order, stating that he is a resident of Mississippi and that Defendant "is based in San Antonio, TX liscensed [sic] to do business in Mississippi."

On December 3, 2014, the Court entered another order requiring Plaintiff to

show cause on or before December 18, 2014, why this case should not be dismissed for lack of jurisdiction. The Court warned Plaintiff that failure to respond may result in dismissal.

On December 18, 2014, Plaintiff filed a response to the Court's show cause order in which he once again failed to clearly allege the citizenship of the parties. He also reiterated that he is "asking for relief in the amount of $75,000.00."

On December 19, 2014, the Court entered a final show cause order in which it specifically instructed Plaintiff that allegations of the citizenship of a corporation "must set forth the state of incorporation as well as the principal place of business of each corporation." *Harrell v. Yokohama Tire Corp.*, 2011 WL 1812785, at *6 (S.D. Miss. May 4, 2011). The Court ordered Plaintiff to respond by January 6, 2014, and warned him that it was his final opportunity to show cause why the case should not be dismissed. Plaintiff failed to respond.

This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and "all civil actions where the matter in controversy *exceeds* the sum or value of $75,000 . . . and is between . . . [c]itizens of different states . . . ." 28 U.S.C. § 1332(a) (emphasis added).

Plaintiff has not presented a federal question. Therefore, the Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff only seeks $75,000.00 in damages. Therefore, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a). Furthermore, "allegations regarding the citizenship of a corporation must set out the principal place of business

as well as the state of incorporation," *Nadler v. Am. Motor Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985), and Plaintiff failed to provide that information.

Therefore, the Court finds that Plaintiff failed to provide the Court with sufficient information to determine whether it has jurisdiction over this case. "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L. Ed. 2d (1998). Accordingly, the Court **dismisses this case without prejudice**.

SO ORDERED AND ADJUDGED this 8thday of January, 2015.

                                              *s/ Keith Starrett*
                                   UNITED STATES DISTRICT JUDGE